J-A12038-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEE ANDREW MOORE | : | |
| | : | |
| Appellant | : | No. 1566 WDA 2018 |

Appeal from the Judgment of Sentence Entered March 26, 2018
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000378-2012


BEFORE:  BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                FILED NOVEMBER 25, 2020

Appellant, Lee Andrew Moore, appeals from the Judgment of Sentence entered on March 26, 2018.  This appeal is on remand from the Supreme Court of Pennsylvania, which granted the Commonwealth's Petition for Allowance of Appeal and vacated our prior decision with instructions to apply Commonwealth v. Lacombe, 234 A.3d 602 (Pa. 2020).[1]  After careful review, we affirm Appellant's Judgment of Sentence.

Between 2004 and 2008, Appellant sexually abused his former stepson. In July 2013, a jury convicted Appellant of Involuntary Deviate Sexual Intercourse, Unlawful Contact with Minor, Statutory Sexual Assault,

_____

[1] See Commonwealth v. Moore, 222 A.3d 16 (Pa. Super. 2019) (holding that 42 Pa.C.S. § 9799.63 was an unconstitutional ex post facto law).

Corruption of Minors, and Indecent Assault.[2]   The trial court sentenced Appellant to an aggregate term of nine to twenty-five years of imprisonment. Appellant timely appealed, but this Court denied relief.  See Commonwealth v. Moore, 116 A.3d 682 (Pa. Super. 2014) (unpublished memorandum), appeal denied, 117 A.3d 296 (Pa. 2015).

On September 2, 2016, Appellant timely sought collateral relief, challenging the legality of his sentence.  Following a hearing, on February 1, 2018, the PCRA court granted Appellant relief and vacated his sentence.  On March 26, 2018, the court imposed a new aggregate sentence of five and one-half to seventeen years of incarceration followed by twelve years of probation. The sentencing court also notified Appellant that, pursuant to Subchapter I of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.51-9799.75,[3] he must register as a convicted sex offender with the Pennsylvania State Police ("PSP") for the remainder of his life.

Appellant timely filed a Post-Sentence Motion, challenging his obligation to register as a convicted sex offender on the ground that SORNA's provisions were constitutionally punitive, ex post facto laws.  Following argument, the sentencing court denied him relief.

_____

[2] 18 Pa.C.S. §§ 3123(a)(7), 6318(a)(1), 3122.1(a), 6301(a)(1), and 3126(a)(8), respectively.

[3] Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29).  Subchapter I of SORNA applies to offenders like Appellant who have committed their crimes prior to December 20, 2012. 42 Pa.C.S. § 9799.52.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b)

Statement. The sentencing court issued a responsive Opinion.

Appellant raises the following issues on appeal:

1. [Whether] the sex offender registration provisions established by Acts 10 and 29 of 2018 [are] unconstitutional as applied to an individual whose offense dates pre-dated SORNA[; and]

2. [Whether] the punitive registration and publication provisions established by Acts 10 and 29 of 2018 [are] severable[.]

Appellant's Br. at 6.

Although broadly worded, Appellant's first issue, as developed in his

Brief, presents only a narrow challenge to SORNA's requirement that the PSP

disseminate offender information over the Internet pursuant to 42 Pa.C.S. §

9799.63. Appellant asserts that Section 9799.63 is punitive in effect and,

therefore, an unconstitutional ex post facto law when applied to him because

his crimes preceded the law's enactment. See Appellant's Br. at 9-15.

A constitutional challenge presents a question of law. Commonwealth

v. Molina, 104 A.3d 430, 441 (Pa. 2014). Thus, our standard of review is de

novo, and our scope of review is plenary. Id.

In Lacombe, supra, our Supreme Court specifically addressed Section

9799.63 and conceded that its requirement to disseminate offender

information over the Internet was "akin to public shaming." 234 A.3d at 623.

Nevertheless, after reviewing the entire statutory scheme, the Court

determined that the punitive effect of Section 9799.63 was insufficient to

establish that Subchapter I of SORNA violates constitutional prohibitions against ex post facto laws. Id. at 626-27.

The Supreme Court's analysis in Lacombe is dispositive. Because our Supreme Court has determined that Subchapter I does not constitute criminal punishment, Appellant's ex post facto claim must fail. Accordingly, we affirm Appellant's Judgment of Sentence.[4]

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/25/2020

---

[4] In light of our decision, we need not address Appellant's severability claim.